FILED

2016 Aug-09  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

EUGENIA W. HAMILTON,       )
          )
      Plaintiff,    )
          )
v.         )   Case No.: 2:15-cv-01142-SGC
          )
FIDELITY WARRANTY SERVICES,  )
          )
      Defendant.    )

## MEMORANDUM OPINION

Plaintiff, Eugenia W. Hamilton, commenced this action by filing a Complaint in the Circuit Court of Shelby County on May 22, 2015, naming Fidelity Warranty Services ("Defendant") as the sole defendant. (Doc. 1 at 14-15). Defendant timely removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1 at 1-4). The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) on August 31, 2015. (Doc. 12). Presently pending is Defendant's Motion to Dismiss Count II of Plaintiff's complaint. (Doc. 4). For the reasons that follow, Defendant's motion is due to be granted.

## I.   STANDARD OF REVIEW

Under Rule 8 of the *Federal Rules of Civil Procedure*, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to

relief" and "a demand for the relief sought."  FED. R. CIV. P. 8(a)(1).  As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Whether a complaint states a plausible claim for relief is a fact-specific determination for the court, drawing on judicial experience as well as common sense.  *Iqbal*, 556 U.S. at 679.  *Twombly* instructs courts faced with a motion to dismiss to accept the complaint's purely factual allegations as true and determine whether those facts state a claim.

In complaints alleging fraud, however, Rule 9(b) holds the plaintiff to a higher pleading standard requiring the plaintiff to allege fraud "with particularity." *Fowler v. Goodman Mfg. Co. LP*, No. 14-0968, 2014 WL 7048581, at *8 (N.D. Ala. Dec. 12, 2014).  In order to allege fraud with particularity, a plaintiff must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1191, 1202 (11th Cir. 2001) (internal quotation omitted)).

## II.   DISCUSSION

Plaintiff's fraud claim is due to be dismissed on two distinct grounds: first, Plaintiff has failed to meet the heightened pleading standard required in Rule 9(b) of the *Federal Rules of Civil Procedure*, and second, Plaintiff's claim is barred by the statute of limitations.

### A. Failure to State a Claim Upon Which Relief Can Be Granted

Due to the higher pleading standard set forth in Rule 9(b), Plaintiff must allege fraud with particularity. FED. R. CIV. P. 9(b).  In order to satisfy Rule 9(b)'s particularity standard, Plaintiff must first state the precise statements made to her by Defendant. *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, No. 07-13421, 2008 WL 2845215, at *3 (11th Cir. July 24, 2008); *see also Fowler*, 2014 WL 7048581, at *8 ("alleging fraud with particularity requires a plaintiff to set forth '(1) precisely what statements were made … .'" (quoting *Ziemba*, 256 F.3d at 1202)).  In her complaint, Plaintiff stated precisely what statements were made to her by the unknown representative of Defendant, i.e., the warranty at issue "would be the best way to cover any and all necessary repairs that may be required for the vehicle, other than those caused by accident."  (Doc. 1 at 15).  Second,

Plaintiff must state the time and place the statements were made, in addition to the person(s) responsible for such statements. *W. Coast Roofing & Waterproofing Co.*, 2008 WL 2845215, at *3. Plaintiff stated the allegedly fraudulent statements were made to her on or about July 2, 2011, in Birmingham, Alabama. (Doc. 1 at 15). However, Birmingham, Alabama is not a specific location; a "specific location" would be, for example, the dealership at which Plaintiff purchased the vehicle and warranty at issue. Therefore, Plaintiff failed to state with particularity the place the allegedly fraudulent statements were made to her. Plaintiff also failed to state the person responsible for making the statements, naming instead an unknown "representative." *Id.*

The third requirement for pleading fraud with particularity is for Plaintiff to state the manner in which the statements misled her. *W. Coast Roofing & Waterproofing Co.*, 2008 WL 2845215, at *3. Plaintiff failed to state specifically the way in which Defendant's statements misled her. (*See* Doc. 1 at 15). She stated she "would not have made the purchase" but does not specify whether she was referring to the vehicle, the warranty, or both. *Id.* Plaintiff did state with particularity the way in which she was harmed but failed to meet the final requirement of pleading fraud with particularity by stating specifically what Defendant gained through the alleged fraud. *W. Coast Roofing & Waterproofing Co.*, 2008 WL 2845215, at *3; (Doc. 1 at 15). It may be reasonable to infer

Defendant gained money from Plaintiff's purchase of the vehicle and warranty as a "package." However, Plaintiff still has not fulfilled the other requirements of Rule 9(b), as discussed above. Because Plaintiff failed to allege fraud "with particularity," she has failed to state a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 4) is due to be granted.

### B. Statute of Limitations

"The statute of limitations for fraud actions generally allows two years for filing a claim." ALA. CODE § 6-2-38(*l*) (1975); *Liberty Nat'l Life Ins. Co. v. Parker*, 703 So. 2d 307, 308 (Ala. 1997). This two-year period begins to run when a plaintiff has actual knowledge of facts capable of putting a reasonable person "on notice of the fraud." *Parker*, 703 So. 2d at 308; *see also* ALA. CODE § 6-2-3 (1975). As a matter of law, fraud is discoverable when a person receives documents capable of putting her "on such notice that the fraud reasonably should be discovered." *Parker*, 703 So. 2d at 308 (quoting *Kelly v. Connecticut Mutual Life Ins. Co.*, 628 So. 2d 454, 458 (Ala. 1993)). According to the Supreme Court of Alabama, fraud is "deemed to have been discovered when it ought to have been discovered," meaning, "at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud." *Papastefan v. B & L Construction Co., Inc. of*

*Mobile*, 385 So. 2d 966, 967 (citing *Johnson v. Shenandoah Life Ins. Co.*, 281 So. 2d 636 (Ala. 1973)).   Additionally, the Alabama Supreme Court has held the date when "documents were *received* was the date the fraud was or *should have been* discovered."   *Colafrancesco v. Crown Pontiac-GMC, Inc.*, 485 So. 2d 1131, 1134 (Ala. 1986) (emphasis in original) (citing *Gonzalez v. U-J Chevrolet Co.*, 451 So. 2d 244 (Ala. 1984)).   Therefore, Plaintiff, a licensed attorney in the State of Alabama, was put on notice of any potentially fraudulent statements made by Defendant when she received the contract for the warranty she purchased in relation to her vehicle in July 2011.   (*See* Doc. 1 at 14; *see also* Doc. 4 at 1).   A reasonable person would have read the contract for the warranty before signing her name and, therefore, would have known exactly what was covered under the particular warranty she purchased.   The statute of limitations for her fraud claim began to run in July 2011, and expired in July 2013, two full years before Plaintiff filed her complaint.   (Doc. 1 at 14-15).

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint is due to be granted. A separate order will be entered.

**DONE** this 9th day of August, 2016.

*Staci G. Cornelius*

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE